UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
FREDERICK SMITH,

                Plaintiffs,

   -against-

C.O. S. DODGE (actual first name unknown at this time),
C.O. J. ASHLINE (actual first name unknown at this time),
C.O. P. McNALLY (actual first name unknown at this time)
and SERGEANT W. MURRAY (actual first name unknown
at this time),

                Defendants.
------------------------------------------------------------------------X

**COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY**

9:18-cv-1066 (MAD/TWD)

PLAINTIFF FREDERICK SMITH, by his attorneys ASHER & ASSOCIATES, P.C., for his COMPLAINT, alleges upon information and belief, as follows:

I. <u>PRELIMINARY STATEMENT</u>

1. This is a civil rights action in which PLAINTIFF FREDERICK SMITH (hereinafter "PLAINTIFF") seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth and Eighth Amendments of the United States Constitution. On September 9, 2015, at approximately 7:35 P.M., as he was going through the metal detector in the mess hall foyer area on his way to the yard of the Great Meadow Correctional Facility, Comstock, New York, PLAINTIFF was subjected to excessive force and cruel and unusual force by Defendants, including, but not limited to Correction officers DODGE, ASHLINE, McNALLY and Sergeant MURRAY. It is alleged that Defendants subjected PLAINTIFF to excessive force as well as cruel and unusual punishment in violation of his constitutional rights. As a result of the excessive force and cruel and unusual punishment used by Defendants, PLAINTIFF suffered physical and mental

injuries including two (2) black eyes, multiple abrasions about his face and body and a collapsed lung.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States.

## III. PARTIES

3. FREDERICK SMITH at all times relevant hereto resided at 190 Clinton Street, Poughkeepsie, NY 12601

4. Defendant C.O. S. DODGE (hereinafter "DODGE") was a corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of The New York State Department of Corrections and Community Supervision and within the scope of his employment.

5. Defendant C.O. J. ASHLINE (hereinafter "ASHLINE") was a corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of The New York State Department of Corrections and Community Supervision and within the scope of his employment.

6. Defendant C.O. P. McNALLY (hereinafter "McNALLY") was a corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of The New York State Department of Corrections and Community Supervision and within the scope of his employment.

7. Defendant SERGEANT W. MURRAY (hereinafter "MURRAY") was a corrections officer, and at all times relevant hereto, acted in that capacity as agent, servant, and/or employee of The New York State Department of Corrections and Community Supervision and within the scope of his employment.

8. At all relevant times hereto, Defendants were acting under the color of state and local law.   Defendants are sued in their individual and official capacities.

## IV. FACTS

9. During all times herein, PLAINTIFF was an inmate at Great Meadow Correctional Facility, Comstock, New York.

10. On September 9, 2015, at approximately 7:35 P.M., PLAINTIFF was stopped and frisked at the metal detector in the mess hall foyer as he was attempting to exit to the yard of the Great Meadow Correctional Facility by defendants DODGE, ASHLINE, McNALLY and MURRAY.

11. On September 9, 2015, at approximately 7:35 P.M., PLAINTIFF was kicked, punched and stomped about the face, ribs and stomach by defendants DODGE, ASHLINE, McNALLY and MURRAY.

12. On September 9, 2015, at approximately 7:35 P.M., PLAINTIFF's feet, arms, shoulders, hands and fingers were twisted by defendants DODGE, ASHLINE, McNALLY and MURRAY.

13. After the initial assault by defendants, PLAINTIFF was then handcuffed and defendants DODGE, ASHLINE, McNALLY and MURRAY continued to kick, punch and stomp the PLAINTIFF about the face and body while he was restrained.

14. As a result, PLAINTIFF sustained two black eyes, multiple abrasions and lacerations on his face and a collapsed lung.

15. PLAINTIFF was treated at both Albany Medical Center and Glens Falls Hospital for the injuries sustained.

16. On or about September 22, 2015, PLAINTIFF filed a grievance with the Inmate Grievance Resolution Committee (IGRC) and thereafter exhausted all administrative remedies as required under the Inmate Grievance Program ("IGP").

### V. FIRST CAUSE OF ACTION
Pursuant to §1983 (EXCESSIVE FORCE)

17. Paragraphs 1 through 16 are hereby realleged and incorporated by reference herein.

18. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.  That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

19. That Defendants had no legal cause or reason to use excessive force once PLAINTIFF was in custody.

20. That Defendants violated PLAINTIFF's Fourth Amendment right to be free from unreasonable seizures when they used excessive force against him.

21. That PLAINTIFF did not pose a threat to the safety of the corrections officers.

22. That PLAINTIFF was not actively resisting.

23. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

24. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights,

       subjected PLAINTIFF to excessive force while in custody, in violation of his rights pursuant to the Fourth Amendment of the United States Constitution.

25. By reason of the foregoing, PLAINTIFF suffered physical injuries, mental injuries, emotional injuries, trauma, terror, and other psychological injuries. The injuries include two black eyes, multiple abrasions and lacerations on his face and a collapsed lung.

26. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to §1983 (CRUEL AND UNUSUAL PUNISHMENT)

27. Paragraphs 1 through 26 are hereby realleged and incorporated by reference herein.

28. By reason of the above factual allegation, Ds intentionally violated PLAINTIFF's Eighth Amendment Right to be free from cruel and unusual punishment.

29. That PLAINTIFF did not pose a threat to the safety of the corrections officers.

30. That PLAINTIFF was not actively resisting.

31. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

32. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights, subjected PLAINTIFF to cruel and unusual punishment while in custody, in violation of his rights pursuant to the Eighth Amendment of the United States Constitution.

33. By reason of the foregoing, PLAINTIFF suffered physical injuries, mental injuries, emotional injuries, trauma, terror, and other psychological injuries. These injuries

include two black eyes, multiple abrasions and lacerations on his face and a collapsed lung.

34. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
Pursuant to §1983 (FAILURE TO INTERVENE)

35. Paragraphs 1 through 34 are hereby realleged and incorporated by reference herein.

36. That Defendants failed to intervene when Defendants knew or should have known that PLAINTIFF's constitutional rights were being violated.

37. That Defendants had a realistic opportunity to intervene on behalf of PLAINTIFF, whose constitutional rights were being violated in their presence.

38. That a reasonable person in the Defendants' position would know that PLAINTIFF's constitutional rights were being violated.

39. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of PLAINTIFF's rights, deprived PLAINTIFF of his liberty when they failed to intervene to protect him from Defendants' use of excessive force and cruel and unusual punishment, in violation of PLAINTIFF's rights pursuant to the Fourth and Eighth Amendments of the United States Constitution.

40. That upon information and belief, Defendants had a policy and /or custom of failing to intervene to protect citizens from excessive force by corrections officers. Thus, as a result of the above described policies and customs, PLAINTIFF was not protected from Defendants' unconstitutional actions.

41. That by reason of the foregoing, PLAINTIFF suffered physical and psychological injuries, traumatic stress, mental anguish, economic damages including attorney's fees. These injuries include two black eyes, multiple abrasions and lacerations on his face and a collapsed lung.

42. All of said injuries may be permanent.

## VIII. INJURY AND DAMAGES

43. As a result of the acts and conduct complained of herein, PLAINTIFF has suffered and will continue to suffer, physical pain, emotional pain, suffering, permanent disability, inconvenience, loss of liberty and other non-pecuniary losses. PLAINTIFF has further experienced severe emotional and physical distress. The physical injuries include two black eyes, multiple abrasions and lacerations on his face and a collapsed lung.

44. All of said injuries may be permanent.

WHEREFORE, PLAINTIFF respectfully requests that judgment be entered:

1. Awarding PLAINTIFF compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding PLAINTIFF punitive damages in an amount to be determined by a jury;

3. Awarding PLAINTIFF interest from September 9, 2015;

4. Awarding PLAINTIFF reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, New York
       September 5, 2018

*Roberta D. Asher*
**By: Roberta D. Asher**
**ASHER & ASSOCIATES, P.C.**
Attorneys for Plaintiff

        111 John Street
        Fourteenth Floor
        New York, New York 10038
        (212) 227-5000