MANDATE

19-1838
*Smith v. Dodge*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand twenty-one.

Present:
    DEBRA ANN LIVINGSTON,
      *Chief Judge*,
    JOSÉ A. CABRANES,
    GERARD E. LYNCH,
      *Circuit Judges*.

_____

FREDERICK SMITH,

    *Plaintiff-Appellant*,

   v.                    19-1838

C.O. STEVEN DODGE, C.O. JASON ASHLINE, C.O. PETER MCNALLY, SERGEANT WILLIAM MURRAY,

    *Defendants-Appellees*.

_____

For Defendants-Appellees:    BRIAN D. GINSBERG, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, Jonathan D. Hitsous, Assistant Solicitor General, *on the brief*) *for* Letitia James, Attorney General for the State of New York, Albany, NY.

For Plaintiff-Appellant:    ANNETTE G. HASAPIDIS, Hasapidis Law Offices, Ridgefield, CT.

1

MANDATE ISSUED ON 03/03/2021

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**, and the case is **REMANDED** with instructions to the district court.

Plaintiff Frederick Smith ("Smith") appeals from a May 24, 2019 judgment of the United States District Court for the Northern District of New York granting summary judgment in favor of Defendants Steven Dodge, Jason Ashline, Peter McNally, and William Murray (together, "Defendants"). Smith alleges that on September 9, 2015, Defendants assaulted him, violating his Eighth Amendment rights. Defendants argue that Smith's suit is barred by the Prison Litigation Reform Act's ("PLRA") exhaustion requirement. 42 U.S.C. § 1997e(a). In particular, they contend that Smith failed to comply with the prison's grievance procedure when he filed an untimely grievance complaining of the alleged assault. Smith alleges that he endeavored to submit a timely grievance but could not do so as a result of the prison staff's malfeasance. The district judge concluded that Smith failed to raise a genuine issue of material fact as to exhaustion and accordingly granted summary judgment to Defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*    \*    \*

We review a district court's grant of summary judgment *de novo*. *Hayes v. Dahlke*, 976 F.3d 259, 267 (2d Cir. 2020). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When considering a motion for summary judgment, courts "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012)

2

(quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). That said, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Id.* (quoting *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002)).

New York's inmate grievance system has three steps. Smith admittedly did not complete all three, but argues that his failure to do so is excused. Consistent with Supreme Court precedent, this Court has explained that an inmate need not exhaust remedies that are formally or functionally unavailable. *Hayes*, 976 F.3d at 268. In particular,

> [a]n administrative procedure is "unavailable" when (1) "it operates as a simple dead end – with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the scheme is "so opaque that it becomes, practically speaking, incapable of use," meaning that "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it;" or (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* (quoting *Ross v. Blake*, 136 S. Ct. 1850, 1859–60 (2016)). Smith principally argues that the third of these exceptions applies because officers intercepted his grievances and therefore prevented them from being timely.

Smith acknowledges that, because he failed to file a proper counterstatement of material facts, the facts in Defendants' statement of material facts are deemed admitted, provided they are supported by the record. He contends, however, that even after those facts are admitted, the affidavit he submitted is sufficient to defeat a motion for summary judgment. The district judge deemed Smith's allegations "conclusory" and specifically reasoned that "Plaintiff offers no evidence to suggest (1) that he mailed his grievance on the day it was dated, (2) who the grievance was given to for mailing, or (3) whether his attempt at filing his grievance was thwarted by staff in any way." J. App'x at 114.

Contrary to the district court's characterization, Smith's affidavit contains a number of specific factual allegations. Smith alleges, *inter alia*, that he submitted not one but two grievances in connection with the purported assault on September 9th. He further asserts that he submitted the second grievance because of his concern, after speaking with another inmate, that his first grievance would be intercepted by prison staff. Smith also claims that he contemporaneously mailed an additional copy of the second grievance to his lawyers. He specifically alleges that the second grievance was picked up by a corrections officer on September 29th and that he sent a follow up letter to prison authorities with copies of both grievances on October 15th. According to his affidavit, Smith received notice in late October that his second grievance was untimely.[1] Smith alleges that other grievances he submitted during this period also went missing, but that he subsequently received notice that they had been received and accepted. Smith asserts that all these grievances were interfered with as a result of his repeated complaints about the September 9th incident.

We conclude that the district court erred in disregarding these allegations as conclusory. On remand, the district court should evaluate in the first instance whether Smith's non-conclusory factual allegations raise a genuine issue of material fact as to exhaustion. Accordingly, we **VACATE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[1] Defendants' statement of material facts states that the grievance office received Smith's grievance on October 22nd.

4