UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

_____

FREDERICK SMITH,

                        Plaintiff,

v.                                                   9:18-cv-01066 (MAD/TWD)

C.O. STEVEN DODGE, et al.,

                        Defendants.

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| ASHER & ASSOCIATES, PC<br>Counsel for Plaintiff<br>111 John Street, 14th Floor<br>New York, New York 10038 | RYAN H. ASHER, ESQ. |
| HON. LETITIA JAMES<br>New York State Attorney General<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224 | KONSTANDINOS D. LERIS, ESQ. |

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

**DECISION and ORDER**

## I.     BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Frederick Smith ("Plaintiff"), an inmate in the custody of the New York State Department of Corrections and Community Supervision, commenced this civil rights action under 42 U.S.C. § 1983 asserting claims arising out of his confinement at Great Meadow Correctional Facility.  (Dkt. No. 13.)  Plaintiff alleges that on September 9, 2015, Corrections Officers Steven Dodge, Jason Ashline, and Peter McNally, and Sergeant William Murray (collectively "Defendants") assaulted him in violation of his Eighth Amendment constitutional rights.  *Id.*  The matter has a long procedural history as set forth in this Court's previous Report-Recommendation and Order (Dkt. No. 74) which is incorporated by reference herein.  To that history, the Court adds that Plaintiff was ultimately permitted to proceed because his failure to exhaust administrative remedies was excused.  (*See* Dkt. Nos. 74, 84.)  Thereafter, discovery ensued pursuant to the Court's Uniform Pretrial Scheduling Order.  (Dkt. No. 87.)

Presently before the Court is Asher & Associates, P.C.'s ("Plaintiff's counsel" or "Asher") motion to withdraw as counsel to Plaintiff which was served on Defendants and Plaintiff.  (Dkt. No. 113; Dkt. No. 113-3.)  Previously, Plaintiff requested by letter to the Court that he be permitted to appear pro se.  (Dkt. Nos. 108; *see also* Dkt. No. 110.)  Upon receipt of the letter from Plaintiff (Dkt. No. 108), the Court directed Asher to discuss the request with Plaintiff and report back to the Court.  (Dkt. No. 109.)  Plaintiff's counsel obliged and in that status report, Asher requested to move to withdraw.  (Dkt. No. 111.)  The Court granted that request and held all remaining deadlines in abeyance.  (Dkt. No. 112.)  The motion to withdraw was then filed, in which Asher also requested an attorney charging lien and a lien for advanced expenses.  (Dkt. No. 113.)

Thereafter, Plaintiff filed another letter indicating he was looking for a different attorney to represent him in this matter. (Dkt. No. 115.) However, before Plaintiff or Defendants filed any other response to the motion to withdraw, the matter was stayed while a settlement conference was conducted. (Dkt. No. 114.) The settlement conference, wherein Plaintiff participated by telephone and Asher and Defendants' attorney participated by video, but was not successful and the stay was lifted. (Text Minute Entry 5/16/2024; Dkt. No. 123.) The Court then reset the deadline for any response to the pending motion to withdraw, and a copy of the Court's directive setting that deadline was sent by the Clerk to Plaintiff at the Court's direction. (Dkt. No. 122.) The deadline to respond was July 12, 2024, and no further response from Plaintiff was received by the Court, nor did Defendants respond to the motion to withdraw. (*See generally* Docket.) For the reasons set forth below, Asher's motion is granted in part and denied in part in accordance with this Decision and Order.

## II.     LEGAL STANDARD

Withdrawal of counsel in a civil case is governed by Local Rule 11.1(b) which provides:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw. If the Court grants leave to withdraw, the withdrawing attorney must serve a copy of the order upon the affected party and file an affidavit of service. . . . Unless the Court orders otherwise, withdrawal of counsel, with or without the consent of the client, shall not result in the extension of any of the deadlines contained an any case management orders . . . or the adjournment of a trial ready or trial date.

N.D.N.Y. L.R. 11.1(b).

"Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)). In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility,

3

although courts are not bound by the codes. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal of counsel); *Heck-Johnson v. First Unum Life Ins. Co.*, No. 01-CV-1739 (GLS/RFT), 2006 WL 1228841, at *4 (N.D.N.Y. May 4, 2006) (citing to the New York State Code of Professional Responsibility, which is based upon the Model Code). Courts must analyze "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH/JCF), 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011). "The court must ensure . . . that the prosecution of the suit is not disrupted by the withdrawal of counsel." *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221 (HGM), 1994 WL 660533, at * 3 (N.D.N.Y. Nov. 18, 1994) (citation omitted).

There is no concrete standard for what constitutes a satisfactory reason for withdrawal, but district courts in the Second Circuit in reviewing reasons for withdrawal have found "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870(LBS)(JCF), 2011 WL 5170311, at *1 (S.D.N.Y. Oct. 31, 2011) (citation and internal punctuation omitted) (collecting cases). Further, an attorney may have valid reasons to withdraw when the client insists that the attorney pursue claims that are not part of a lawsuit or call witnesses the attorney deems detrimental to the case. *See Whiting*, 187 F.3d 317, 322 (citing Model Code DR 2-110(C)(1)(a)). Lack of communication with the client, lack of cooperation, and an "acrimonious relationship" with the client may be good cause for withdrawal. *Munoz v. City of New York*, No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008).

However, a client's refusal to accept a settlement offer and failure to pay legal fees are not valid reasons on their own to permit withdrawal. *See, e.g., Vaughn v. Am. Tel. & Tel. Co.*,

4

No. 96 Civ. 0989 (LAK), 1998 WL 760230, at *1 (S.D.N.Y. Oct. 30, 1998) (refusal of a client to accept settlement offer "does not amount to good cause for withdrawal" without further compelling reasons); *Whiting*, 187 F.3d at 321 (nonpayment of certain disputed fees asserted without sufficient particularity not enough to justify withdrawal, but withdrawal permitted on other grounds); *Burack v. Epstein*, No. 88 CIV. 4433 (JES), 1990 WL 129176, at * 1 (S.D.N.Y. Aug. 30, 1990) (withdrawal not permitted where attorney made insufficient showing of client's failure to pay litigation expenses and agreement was unclear regarding such expenses).

When considering the impact of withdrawal, courts consider the prejudice withdrawal may cause to other litigants, the harm the withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. *See Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333(MEA), 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014) (court must weigh the impact of withdrawal on the progress of the action and consider the prejudice, harm, and burden to client, the lawyer, and the judicial system which may be caused by the withdrawal) (citations omitted).

### III.   ANALYSIS

As noted, Asher seeks an Order to withdraw from representation of Plaintiff. (Dkt. No. 113.) Plaintiff's counsel also requests that a lien be granted "for advanced expenses as well as a charging lien for work performed to date in this matter in the event of a subsequent recovery." (Dkt. No. 113-1 at ¶2.)

In support of the motion, Asher points to Plaintiff's letter (Dkt. No. 108) which indicates Plaintiff is dissatisfied with the representation of Asher and that there has been a breakdown in communication between Plaintiff and Asher. (Dkt. No. 113-1 at ¶32.) Specifically, Plaintiff states in his letter "[m]y counsel has failed to communicate to me how the results that are in my

best interests as the plaintiff will be accomplished." (Dkt. No. 108 at 2.) Plaintiff goes on to complain about Asher regarding representation of Plaintiff in another case stating: "This case was lost due to mismanagement, no communication, and no preparation . . . ." *Id.* Plaintiff asserts Asher does not respond to his letters or return calls from his family, and Asher does not respond to any requests about how the case is proceeding and what steps Plaintiff wants Asher to take in prosecuting the case. *Id.* at 4, 5. Plaintiff concludes that he wants to "dismiss" Asher and proceed pro se while he finds other counsel. *Id.* at 5. While Plaintiff was given a further opportunity to respond to Asher's motion to withdraw (*see* Dkt. No. 122), no further submissions were received from Plaintiff. (*See generally* Docket.)

Under these circumstances, the Court finds good cause for the withdrawal based upon the rancorous relationship that has clearly developed between the Asher law firm and Plaintiff. In *Heck-Johnson*, the court granted counsel's motion to withdraw, holding that "[w]hen a client insists on dictating legal strategies to the lawyer to the extent that their relationship significantly deteriorates, the situation may constitute the functional equivalent of a conflict of interest establishing good cause to withdraw." *Heck-Johnson*, 2006 WL 1228841, at *3-4 (citations omitted). Here, it is apparent that there is a fundamental conflict between Asher and Plaintiff concerning legal strategy that has caused their relationship to deteriorate. Moreover, Plaintiff clearly believes he is not receiving meaningful representation. (*See* Dkt. No. 108.) Information from both Plaintiff and Asher confirms discordant and problematic communication issues between them. *See Munoz*, 2008 WL 2843804, at *1. Under these circumstances, the Court finds Asher has shown good cause to permit withdrawal from representation of Plaintiff based upon the breakdown of the attorney-client relationship, lack of communication, and substantial differences of opinion concerning litigation strategy.

Further, in balancing the asserted conflict with the impact of withdrawal on the lawsuit, *see Whiting*, 187 F.3d at 320-21, the Court finds that withdrawal is still appropriate. Although the prosecution of this case will be further delayed by the withdrawal of Asher, discovery is not yet closed and there is no scheduled trial date. Therefore, that part of Asher's motion to withdraw as counsel to Plaintiff is granted.

Asher also seeks a lien for advanced expenses and an attorney charging lien in the motion to withdraw. (Dkt. No. 113-1 at ¶¶ 2, 41, 42.) Under New York law, an attorney must have good cause to withdraw, or the charging lien may be lost. *Hallmark Capital Corp. v. Red Rose Collection, Inc.*, No. 96Civ.2839 (RPP)(AJP), 1997 WL 661146, at *3 (S.D.N.Y. Oct. 21, 1997). While this Court has found good cause exists for Asher to withdraw under Local Rule 11.1(b), resolving a charging lien issue may involve more of an investigation into who caused the differences between attorney and client, what may be considered a reasonable fee, and may require a "trial-like hearing" to resolve. *Id.* (citation omitted). Moreover, a federal court may, in its discretion, decide not to exercise ancillary jurisdiction to hear fee disputes and lien claims between lawyers and their clients. *See Marrero v. Christiano,* 575 F. Supp. 837, 839 (S.D.N.Y. 1983); *SEC v. Towers Financial Corp.*, No. 93 Civ. 0744 (WK) (AJP), 93 Civ. 0810 (WK), 1996 WL 288176, at *3 (S.D.N.Y. May 31, 1996). At this juncture, the Court chooses not to exercise jurisdiction over the charging lien issue. Therefore, that part of Asher's motion seeking an attorney charging lien is denied without prejudice to renew. Additionally, regarding the request for a lien for expenses Asher has advanced in the sum of $15,260.63, Asher may in the future seek reimbursement for advanced expenses should Plaintiff make a substantial recovery. Asher must show exactly how and for what items the expenses were incurred. Thus, that part of Asher's motion seeking a lien for advanced expenses is also denied without prejudice.

**ACCORDINGLY**, it is hereby

**ORDERED** that the motion by Asher & Associates, P.C., to withdraw (Dkt. No. 113) and for an attorney charging lien and an expense lien is **GRANTED** in part and **DENIED** in part in accordance with this Decision and Order; and it is further

**ORDERED** that Asher & Associates, P.C., shall serve a copy of this Decision and Order on Plaintiff by 8/5/2024, and shall file a certificate of service specifically setting forth Plaintiff's address where this Decision and Order was served upon Plaintiff by 8/9/2024; and it is further

**ORDERED** that, upon service of this Decision and Order on Plaintiff by Asher & Associates, P.C. directed above, the Court shall deem Plaintiff appearing pro se. As such, the Clerk is directed to send Plaintiff a courtesy copy of this Decision and Order at the Greenhaven Correctional Facility per the address found on Plaintiff's most recent correspondence to the Court (Dkt. No. 115, p. 3), along with a copy of the Pro Se Handbook, Notice, and Local Rules and a copy of the Docket; and it is further

**ORDERED** that if Plaintiff obtains new counsel, such new counsel must file a Notice of Appearance immediately pursuant to Local Rule 11.1(a); and it is further

**ORDERED** that expert discovery, including depositions, and all other remaining discovery is due 9/30/2024; discovery motions due 10/14/2024; dispositive motions due 11/25/2024.

Dated: July 31, 2024
      Syracuse, New York

*[signature]*
Therese Wiley Dancks
United States Magistrate Judge