UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FREDERICK SMITH,

                              Plaintiff,

        v.                                              9:18-cv-1066
                                                          (MAD/TWD)

C.O. S. DODGE, et al.,

                              Defendants.
_____

APPEARANCES:

FREDERICK SMITH
*Plaintiff*, *pro se*
15-A-1771
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

HON. LETITIA JAMES                        KOSTAS LERIS, ESQ.
New York State Attorney General        Assistant Attorney General
*Attorney for Defendants*
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS
United States Magistrate Judge

## DECISION and ORDER

### I.    INTRODUCTION

Presently before the Court in this prisoner civil rights action asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983") is a motion to compel discovery brought by *pro se* Plaintiff Frederick Smith ("Plaintiff" or "Smith"). Dkt. No. 172. The Court has also considered Plaintiff's Memorandum of Law, Dkt. No. 174, submitted in support of the motion to compel.

Defendants oppose the motion. Dkt. No. 179. Also before the Court is Plaintiff's letter motion, Dkt. No. 185, requesting reconsideration of this Court's Decision and Order, Dkt. No. 184, which denied his motion to amend, Dkt. No. 154. Defendants filed a response in opposition, Dkt. No. 186, to Plaintiff's motion for reconsideration. For the reasons that follow, and in the manner directed herein, Plaintiff's motion to compel discovery, Dkt. No. 172, is granted, in limited part, and denied, in part. Plaintiff's letter motion for reconsideration, Dkt. No. 185, is denied.

## II.     PROCEDURAL BACKGROUND

Plaintiff h commenced this action, through counsel, by filing a complaint asserting claims pursuant to Section 1983. Dkt. No. 1. The complaint asserted Eighth Amendment excessive force and failure-to-intervene claims against Defendants Dodge, Ashline, McNally, and Murray arising out of a use-of-force incident that occurred at Great Meadow Correctional Facility on September 9, 2015. *See id*.

On December 28, 2018, Plaintiff's then counsel filed an amended complaint asserting the same claims against the same Defendants. *See* Dkt. No. 13. Following motion practice and an exhaustion hearing, Defendants filed an answer to Plaintiff's amended complaint on May 1, 2023. *See* Dkt. No. 85. On May 31, 2023, the Court issued a Uniform Pretrial Scheduling Order directing, among other things, that amended pleadings be filed by July 31, 2023, and discovery be completed by November 30, 2023. *See* Dkt. No. 87. Discovery ensued wherein Plaintiff's then counsel served Defendants with Plaintiff's First Request for Production of Documents ("RFP") and Interrogatories. Dkt. No. 179-2. Defendants responded to the RFP on July 14, 2023. Dkt. No. 179-3. On August 7, 2023, Defendants McNally and Murray responded to Plaintiff's First set of Interrogatories and on August 11, 2023, Defendants Dodge and Ashline

responded to Plaintiff's Interrogatories. Dkt. Nos. 179-4 through 179-7. Plaintiff did not file a motion to compel or otherwise object to any of Defendants' responses to Plaintiff's demands.

On August 11, 2023, the parties filed a Joint Status Report indicating, among other things, that discovery was proceeding and there were no issues that required Court intervention. *See* Dkt. No. 91. On September 1, 2023, the fact discovery deadline was extended until November 14, 2023. Dkt. No. 92. On October 13, 2023, Plaintiff was deposed. *See* Dkt. No. 158-10. Fact discovery was completed by November 14, 2023, and on that date, Plaintiff filed a motion for sanctions against Defendants for allegedly spoliating an escort video, which was later denied. Dkt. Nos. 98, 124. Plaintiff did not dispute or challenge any other responses served by Defendants to Plaintiff's demands. *Id.* On January 22, 2024, the Court issued a Text Order extending the expert discovery deadlines, but did not extend any other deadlines. *See* Dkt. No. 106.

On March 6, 2024, Plaintiff's counsel filed a motion to withdraw as attorney for Plaintiff. Dkt. No. 113. By Decision and Order entered on August 1, 2024, the Court granted the motion. Dkt. No. 125. In that Decision and Order, the Court extended the expert discovery deadlines and ordered that all remaining discovery be completed by September 30, 2024. *See id*. On September 5, 2024, Plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 127. By Text Order entered on September 9, 2024, the Court granted Plaintiff's request to proceed IFP, and stayed the remaining deadlines until Plaintiff could receive a copy of his case file from his former counsel. Dkt. No. 129.

On November 6, 2024, the Court issued a Text Order lifting the stay. Dkt. No. 139. On December 9, 2024, the Court held a telephonic conference and reset the remaining overall discovery deadline to March 14, 2025. Dkt. No. 147. At that conference, the Court directed that

discovery be complete by March 14, 2025, and, upon Plaintiff's request, permitted Plaintiff to file a motion to amend the operative amended complaint. *Id.* Thereafter, Plaintiff filed the motion to amend, Dkt. No. 148, an amended motion to amend, Dkt. No. 150, and then a "correct" amended motion to amend. Dkt. Nos. 154, 154-1. Defendants opposed the motion to amend, Dkt. No. 158, and the Court ultimately issued a Decision and Order denying the motion to amend. Dkt. No. 184. Plaintiff then filed the letter motion currently before the Court requesting reconsideration of the denial of his motion to amend. Dkt. No. 185.

While the motion to amend was pending, Plaintiff served supplemental discovery demands on Defendants by letter dated March 6, 2025. Dkt. No. 179-8. Although these supplemental demands were not served in a timely fashion before the close of discovery, *see* N.D.N.Y. Local Rule 16.2, and they were served well after the close of fact discovery, Dkt No. 92, Defendants responded to the demands on April 10, 2025, by providing additional documents and asserting objections. *See* Dkt. No. 179-9. On May 23, 2025, Plaintiff filed the motion to compel presently before the Court. Dkt. No. 172. On June 20, 2025, Defendants served supplemental responses, Dkt. No. 179-10, to Plaintiff's March 6, 2025, demands. While the motion to compel was pending, the Court issued its Decision and Order, Dkt. No. 184, denying Plaintiff's motion to amend. Dkt. No. 154. Thereafter, Plaintiff timely filed a letter motion requesting reconsideration of the motion to amend. Dkt. No. 185.

The Court will address the pending motion to compel, Dkt. No. 172, and the pending letter motion for reconsideration, Dkt. No. 185, separately as set forth below.

### III. PLAINTIFF'S MOTION TO COMPEL

#### A. Plaintiff's Document Requests

Plaintiff seeks an order compelling Defendants to provide documents in the following

4

categories: (1) Defendants' personnel and disciplinary files; (2) all Use of Force and Unusual Incident Reports the Defendants prepared from 2009-2024, and all Code 49 grievances filed against Defendants; (3) all files kept by DOCCS Inspector General ("IG") of the Office of Special Investigations ("OSI") related to investigations into Defendants, and DOCCS Bureau of Labor Relations ("BLR") disciplinary files for Defendants; (4) all misbehavior reports Defendants authored from 2009-2024; (5) a list of all civil lawsuits in which Defendants were named as filed by incarcerated individuals, along with the Use of Force and misbehavior reports related to those lawsuits; (6) Defendants' mental health treatment and counseling records; (7) the motion papers Plaintiff submitted in support of his Article 78 proceeding; (8) Plaintiff's mental health progress notes from 2015-2025; (9) Plaintiff's ambulatory health records from 2015-2025; (10) Police Officer Sukeen's statement maintained at the Dutchess City Courthouse; (11) Defendants' medical records from September 9, 2015; (12) OSI Investigator Brian Irwin's written statement dated September 9, 2015, and his final determination related to Plaintiff's claims in this action; and (13) addresses for 40 non-party witnesses Plaintiff previously requested.  *See generally* Dkt. Nos. 172, 174.

      Plaintiff also seeks an order to compel the Office of the Attorney General ("OAG") to accept Plaintiff's written deposition questions to non-party individuals, and mail their responses back to Plaintiff.  *See* Dkt. No. 174 at 17-20.[1]  Plaintiff also requests that DOCCS appoint a stenographer to take the depositions and administer the oath to the non-party individuals.  *Id.*

---

[1] Citations to the parties' submissions will refer to the pagination generated by CM/ECF, the Court's electronic filing system.  Where the submissions set forth consecutively numbered paragraphs, the Court will refer to the specific numbered paragraph.  Unless otherwise indicated, excerpts from the record are produced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

B.     **Legal Standard**

Rule 26(b) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Information is relevant if: "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevance is a matter of degree, and the standard is applied more liberally in discovery than it is at trial. *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, No. 13 Civ. 1654 (RA)(HBP), 2014 WL 5420225, at *7 (S.D.N.Y. Oct. 24, 2014) ("'[I]t is well established that relevance for the purpose of discovery is broader in scope than relevance for the purpose of the trial itself.'") (brackets in original) (quoting *Arch Assocs., Inc. v. HuAmerica Int'l, Inc.*, No. 93 Civ. 2168 (PKL), 1994 WL 30487, at *1 (S.D.N.Y. Jan. 28, 1994)); *see Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 125 (S.D.N.Y. 1997); *Quaker Chair Corp. v. Litton Bus. Sys., Inc.*, 71 F.R.D. 527, 530-31 (S.D.N.Y. 1976).

Though the burden of demonstrating relevance is on the party seeking discovery, *see Mandell v. Maxon Co.*, No. 06 Civ. 460 (RWS), 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007), if a party objects to discovery requests, that party bears the burden of showing why discovery should be denied. *Financial Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D.

6

85, 87-88 (S.D.N.Y. 2016). Federal district courts have broad discretion in deciding discovery disputes. *See Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999).

As the advisory committee notes, the proportionality factors have been restored to their former position in the subsection "defining scope of discovery," where they had been located prior to the 1993 amendments to the rules. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment. The amended rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of information. *Id.* The advisory committee's notes further explain that "[a] party claiming that a request is important to resolve the issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them. The court's responsibility, using all the information provided by the parties, is to consider these and all other factors in reaching a case-specific determination of the appropriate scope of discovery." *Id.*

**C.     Analysis**

As an initial matter, the Court notes the discovery deadlines have been repeatedly extended in this matter. Dkt. Nos. 87, 92, 94, 106, 112, 139, 141, 147, 153, 162, and 164. Despite this, Plaintiff's further demands at issue in this motion to compel were not served in a timely fashion because they were served less than 30 days before the close of the discovery deadline in place at the time. *See* Dkt. No. 179-8; *see also* Dkt. No. 147 (resetting discovery deadline to 3/14/2025); *see also* N.D.N.Y. L.R. 16.2 (discovery demands must be served sufficiently in advance of discovery cut-off date). This tardiness in Plaintiff's service of demands alone is sufficient reason to deny the motion since Plaintiff has not shown good cause

for the late service of demands.[2]  Nevertheless, Defendants responded to the demands, and the Court further extended discovery deadlines.  Dkt. Nos. 162, 164.  Hence, the Court permitted Plaintiff to file the motion to compel presently before the Court.  Dkt. Nos. 166, 170.

### 1. Requests for Civil Lawsuits Against Defendants; Plaintiff's Medical and Mental Health Records; Plaintiff's Motion Papers for his Article 78 Proceeding; Non-Party Officer Sukeen's Statement for Dutchess City Court; 40 Non-Party Witnesses' Addresses

Defendants aver they have provided supplemental responses to Plaintiff's requests for civil lawsuits naming Defendants, the Article 78 motion papers, Plaintiff's medical records, and the names and addresses for the non-party witnesses Defendants could identify.  Dkt. No. 179-12 at 6-7; *see* also Dkt. No. 179-9.  Defendants also state they responded to Plaintiff's request for mental health records by noting they do not possess the records.  *Id*. at 7; *see also* Dkt. No. 179-9, ¶ 8.  However, Defendants provided Plaintiff with a HIPAA compliant authorization to be signed and returned so that Defendants could request the records from the New York State Office of Mental Health ("OMH") and then provide any records received pursuant to the authorization to Plaintiff.  *Id.*  Defendants also responded to the request for the non-party officer's statement for Dutchess City Court by indicating they did not have that information.  *Id.*; *see also* Dkt. No. 179-9, ¶ 10.

---

[2] District courts have broad discretion to direct and manage the pre-trial discovery process.  *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004).  The timing of discovery may be addressed by court order.  *See generally* Fed. R. Civ. P. 26.  Moreover, pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court has explicit discretion in discovery matters and may consider and take appropriate action, such as "controlling and scheduling discovery, including orders affecting disclosures and discovery under Rule 26 and Rules 29 through 37." Fed. R. Civ. P. 16 (c)(2)(F).  Additionally, Local Rule 16.1(f) provides that "The Court shall strictly enforce any deadlines that it establishes in any case management order, and the Court shall not modify these, . . . except upon a showing of good cause."  N.D.N.Y. L.R. 16.1(f).

A party is not obligated to produce documents that it does not possess or cannot obtain. Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request . . . to produce . . . [documents] . . . in the responding party's *possession, custody or control* . . . .") (emphasis supplied). "Under this rule, 'production may be required' where 'a party has access and the practical ability to obtain documents not available to the party seeking them.'" *Hart v. Suffolk Cnty.*, No. 17-CV-05067 (LGD), 2023 WL 5720075, at *6 (E.D.N.Y. Sept. 5, 2023) (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)), *aff'd*, No. 23-7269, 2025 WL 1374984 (2d Cir. May 13, 2025). Here, Defendants indicated they do not have possession of documents regarding the statement of a non-party police officer maintained at the Dutchess City Courthouse. Dkt. No. 179-9, ¶ 10. Thus, Defendants have responded to this request and no further response is required. *McMillan v. Cnty. of Cortland*, No. 9:04-CV-0827 (PAM/GHL), 2008 WL 4283379, at *1 (N.D.N.Y. Sept. 16, 2008) (A party "cannot be compelled to produce documents they do not have.").

While Defendants also indicated they do not have Plaintiff's mental health records maintained at OMH, Defendants, to assist Plaintiff in obtaining those records, requested a HIPAA compliant authorization from him so Defendants can request the records and produce them to Plaintiff. Dkt. No. 179-9, ¶ 8. Accordingly, Defendants have responded appropriately to this request and no further response is required. *See, e.g.*, *Signify Holding B.V. v. TP-Link Rsch. Am. Corp.*, No. 21-CV-9472, 2022 WL 3704001, at *2 (S.D.N.Y. Aug. 26, 2022) ("Courts in the Second Circuit follow the so-called 'practical ability' standard; that is, a party has 'possession, custody, or control' over a document if it has the practical ability to obtain and produce the documents." (collecting cases)).

The Court agrees with Defendants that Plaintiff's request for Defendants' counsel to assist him with contacting approximately 40 non-party individuals who may be witnesses is improper. Dkt. No. 179-9, ¶ 2. Even so, Defendants provided the names and addresses for the non-party witnesses Defendants could identify. Dkt. No. 179-1. Therefore, no further response is required. Similarly, since Defendants provided information in their possession regarding Plaintiff's requests for civil lawsuits naming Defendants, the Article 78 motion papers, and Plaintiff's medical records, Dkt. No. 179-9, ¶¶ 3, 5, and 9, no further response is required. *See, e.g.*, *Stinson v. City of New York*, No. 10 Civ. 4228, 2015 WL 4610422, at *3 (S.D.N.Y. July 23, 2015) (denying motion to compel where nonmovants agreed to provide the requested discovery).

### 2. Use of Force, Unusual Incident Reports, and Misbehavior Reports Defendants Prepared from 2009-2024; and Code 49 Grievances Filed Against Defendants

Plaintiff seeks Use of Force, Unusual Incident Reports, and Misbehavior Reports prepared by Defendants for the 15-year period of 2009-2024, along with grievances related to the use of force filed against Defendants for that same time period. Dkt. No. 179-9, ¶¶ 4, 7; *see also* Dkt. No. 174 at 9-12. In response, Defendants submitted a Declaration from DOCCS Associate Counsel, Marat Shkolnik, who states that disclosure of such information presents significant safety and security concerns for the non-party incarcerated individuals and the DOCCS staff involved. Dkt. No. 179-11, ¶¶ 11, 12. Moreover, these records are indexed according to the names of the incarcerated individuals involved, rather than by the names of the DOCCS staff members involved. *Id.* ¶¶14-17, 22-26. Thus, requiring Defendants to conduct a search for such records encompassing a period of 15 years would be overly burdensome, time-consuming, and not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b).

Because of the security implications if these documents were to be produced, the unduly burdensome nature of searching for and producing 15 years of records which are not catalogued by the names of DOCCS staff involved, and the lack of proportionality to the needs of the case, Plaintiff's request for these documents is denied. *See Diaz v. Goord*, No. 04-CV-6094CJS, 2007 WL 2815735, at *1 (W.D.N.Y. Sept. 25, 2007) (denying as overbroad and unduly burdensome a request for all grievances, complaints, and lawsuits without reference to subject matter or date of filing, given that the Department of Correctional Services (now known as DOCCS) does not index grievances, complaints, and lawsuits according to the name of the corrections officer named, but does so by the name of the complaining inmate); *Ashford v. Goord*, No. 07-CV-191, 2009 WL 2086838, at *4 (W.D.N.Y. July 10, 2009) (request seeking all grievances and complaints filed against defendants was overly broad); *Melendez v. Falls*, No. 06-CV-6198CJS, 2010 WL 811337, at *4 (W.D.N.Y. Mar. 3, 2010) (same).

### 3. Defendants' Personnel Files

Plaintiff seeks Defendants' personnel files. Dkt. No. 174 at 10. Once again, Defendants have asserted concern for security interests in disclosing such files to incarcerated individuals such as the Plaintiff. Dkt. No. 179-11, ¶¶ 6-9. Defendants also argue that because of these security interests, DOCCS employee personnel files are not provided directly to incarcerated individuals. Dkt. No. 179-12 at 8 (citing *Woodward v. Ali*, No. 13-CV-1304, 2018 WL 1037003, at *2 (N.D.N.Y. Jan. 25, 2018)) (other citation omitted). Accordingly, the Court hereby directs Defendants to produce for an in camera review only those portions of Defendants' personnel files containing any disciplinary records of substantiated and unsubstantiated excessive force incidents from September 1, 2010, to September 30, 2020. Counsel shall submit this information to the Court by December 8, 2025. If no such disciplinary records exist for substantiated and

unsubstantiated excessive force incidents, Defendants shall provide an affirmation under penalty of perjury from DOCCS personnel that conducted the search for the records which provides a description of the search and indicates that no such disciplinary records exist.  Defendants shall serve that affirmation on Plaintiff by December 8, 2025, and file it with the Court on that same date.  If documents are submitted for an in camera review, the Court will make further directives after its review is completed.

### 4. Files from OSI/IG and BLR

Plaintiff requests all files kept by DOCCS IG and the OSI related to investigations into Defendants, as well as disciplinary files on Defendants maintained by DOCCS BLR.  Defendants argue these demands are improper because they are, among other things, not limited in any way, they seek irrelevant information that is not proportional to the needs of the case, the Defendants were not disciplined, and such records may contain information related to non-parties.  Dkt. No. 179-12 at 9.  Further, Defendants argue that disclosure of any such information to an incarcerated individual presents legitimate security concerns.  Dkt. No. 179-11, ¶¶ 33-42.

For the same reasons set forth above regarding Defendants' personnel files, Defendants are directed to produce for an in camera review any reports of substantiated and unsubstantiated excessive force incidents from September 1, 2010, to September 30, 2020, regarding Defendants maintained by DOCCS IG, DOCCS BLR, and/or the OSI.  Such information shall include OSI Investigator Irwin's statement dated September 9, 2015, and his final determination related to Plaintiff's claims to the extent such information exists.  Counsel shall submit this information to the Court by December 8, 2025.  If no such records exist pertaining to Defendants for substantiated and unsubstantiated excessive force incidents, Defendants shall provide an affirmation under penalty of perjury from the DOCCS personnel who conducted the search for

the records which provides a description of the search and indicates that no such disciplinary records exist. Defendants shall serve that affirmation on Plaintiff by December 8, 2025, and file it with the Court on that same date. If documents are submitted for an in camera review, the Court will make further directives after its review is completed. Additionally, the Court notes the OSI file related to the matter at hand was previously provided to Plaintiff's former counsel pursuant to the terms of the Protective Order, Dkt. No. 90, due to the legitimate penological security interests. Dkt. No. 179-12 at 10.

When this matter is set for trial, it is likely that *pro bono* trial counsel will be appointed for Plaintiff at which time Defendants shall provide the subject OSI file related to this matter, including the report of Investigator Brian Irwin dated September 9, 2015, his final determination concerning Plaintiff's claims in this action, and any personnel file materials the Court may deem discoverable after its in camera review, to such counsel pursuant to the terms of the Protective Order.

### 5. Defendants' Medical and Mental Health Records

Plaintiff seeks Defendants' mental health treatment records without any date restriction, along with their medical treatment records for September 9, 2015. Dkt. No. 174 at 6. This request is denied. First, as with some of the other documents sought by Plaintiff, there are security concerns with releasing such records to an incarcerated person. Dkt. No. 179-11, ¶¶ 27-32. Second, and more importantly, such mental health records, if they exist, are irrelevant to any of the claims and defenses in this action. There is no claim or defense in this case that DOCCS directed Defendants to undergo mental health treatment resulting from the use of force on Plaintiff. *See generally* Dkt. Nos. 13, 85.

Further, regarding Defendants' mental health records, courts have long recognized that certain communications and documents may be protected from discovery by the psychotherapist-patient privilege, described by the United States Supreme Court in *Jaffee v. Redmond*, 518 U.S. 1 (1996). The privilege covers confidential communications made to licensed psychiatrists, psychologists, and social workers during psychotherapy. *Id.* at 15. The *Jaffee* Court noted the privilege is "rooted in the imperative need for confidence and trust" in the psychotherapist-patient relationship and is designed to avoid deterring people from seeking treatment for fear that they will suffer a disadvantage in later litigation. *Id.* at 10-11. The privilege also serves public ends because "[t]he mental health of our citizenry, no less than its physical health, is a public good of transcendent importance." *Id.* at 11.

As stated above, in *Jaffe*, the Supreme Court instructed that "[f]ederal courts are required to recognize that confidential communications between a licensed psychotherapist --- including a licensed social worker engaged in psychotherapy --- and his or her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence . . . ." *In re Sims*, 534 F.3d 117, 130 (2d Cir. 2008) (citing *Jaffe*, 518 U.S. at 15). The privilege may be either expressly or impliedly waived. *Id.* at 131 (citations omitted). "[W]aiver may be implied in circumstances where it is called for in the interests of fairness," including "when a party attempts to use the privilege as both a shield and a sword." *Sims*, 534 F. 3d at 132 (citation and internal punctuation omitted). In other words, waiver occurs if a party relies on a mental or emotional condition as an element of his or her claim or defense. *See Walker v. Metro North Commuter RR.*, No. 23 Civ. 9883 (GS), 2025 WL 2792594, at *4 (S.D.N.Y. Oct. 1, 2025) (citation omitted). Whether a waiver has occurred should be determined on a case-by-case basis. *Jaffe*, 518 U.S. at 18. Here, no such waiver has occurred because

14

Defendants have not put their mental health at issue by relying on any emotional or mental condition as an element of their defenses. *See generally* Dkt. No. 85.

Moreover, Plaintiff's reliance on *Henry v. Hess*, No. 11 Civ 2707(KMK)(GAY), 2012 WL 4856486 (S.D.N.Y. Oct. 12, 2012), to support his request for Defendants' mental health records is misplaced. *Henry* involved records of a police officer defendant generated by a psychological "fit for duty" evaluation which was not for the purposes of treatment, and the records were disclosed to the relevant police department by the examiner. *Id.* at *1-2. Here, there is no claim or defense that DOCCS directed Defendants to undertake a psychological fitness evaluation. *See generally* Dkt. Nos. 13, 85. Accordingly, Plaintiff's motion to compel production of Defendants' mental health records, if any exist, is denied.

As for Plaintiff's request for Defendants' medical records from September 9, 2015, those medical records were provided to Plaintiff's former counsel pursuant to the relevant Protective Order. Dkt. No. 179-12 at 11-12; *see also* Dkt. No. 90. Again, Defendants have articulated legitimate security concerns related to furnishing such records directly to incarcerated individuals. Dkt. No. 179-11, ¶¶ 27-32. The Court reiterates when this matter is set for trial, it is likely that *pro bono* trial counsel will be appointed for Plaintiff at which time Defendants shall provide the subject medical records of Defendants from September 9, 2015, to such counsel pursuant to the terms of the Protective Order.

### 6. Plaintiff's Request for Defendants' Counsel to Conduct Written Depositions of Non-party Witnesses

Plaintiff also seeks an order directing Defendants' counsel to accept his written deposition questions for multiple non-party witnesses employed by DOCCS and to have DOCCS appoint a stenographer to administer the oath and take these depositions. Dkt. No. 174 at 17-20. The list of witnesses contains the names of approximately 33 people. *Id.* at 17; *see also* Dkt. No.

15

172-2 at 59-60. Plaintiff also requests subpoenas for non-party witness medical providers from Glens Falls Hospital and Albany Medical Center, and the medical providers at Great Meadow Correctional Facility and Southport Correctional Facility, all of whom allegedly treated him. *Id.* at 18-21. Defendants oppose these requests indicating the requests are improper. Dkt. No. 179-12 at 12. The Court agrees with Defendants.

Initially, the Court notes Plaintiff has not submitted a single proposed subpoena for the Court's review and consideration. *See generally*, Dkt. Nos. 172, 174; *see also* Fed. R. Civ. P. 45. Moreover, Plaintiff's request for these written depositions to a voluminous number of non-party witnesses lacks any particularity regarding how the witnesses' testimony may be related to the allegations in the operative complaint. Importantly, Defendants do not represent the non-party witnesses and, as such, they are not required to conduct Plaintiff's requested written deposition discovery for him.

Moreover, Plaintiff has not complied with Rule 31 of the Federal Rules of Civil Procedure which provides that "a party may, by written questions, depose . . . a party, without leave of court," except in certain other circumstances. Fed. R. Civ. P. 31(a)(1), (2). In such other circumstances under Rule 31, leave of Court must be obtained when the requested depositions would result in more than 10 depositions being taken, as is the case here. Fed. R. Civ. P. 31(a)(2)(A). The Rule also requires that an officer record any such deposition and certify it. Fed. R. Civ. P. 31(b); 30(b)(5), (c)(3). Plaintiff has not proposed a plan to address the method of recording these numerous depositions, nor has he identified an officer to conduct them or how the costs of the depositions will be paid. *See generally* Dkt. Nos. 172, 174. Instead, Plaintiff requests that Defendants undertake those duties, which is improper. As such, Plaintiff's motion

to compel the depositions of numerous non-party witnesses is denied since he has not complied with the requirements of Federal Rules of Civil Procedure 28, 30, 31, and 45.

## IV.   PLAINTIFF'S MOTION FOR RECONSIDERATION

Turning to Plaintiff's letter request, Dkt. No. 185, for reconsideration of the Court's Decision and Order, Dkt. No. 184, denying his motion to amend, Dkt. No. 154, that request is denied for the following reasons.

Local Rule 60.1 provides that a party may file a motion for reconsideration within fourteen days from the date of judgment, order, or decree is entered.  N.D.N.Y. L.R. 60.1. Plaintiff's letter request, Dkt. No. 185, was timely filed thus the Court will consider it.  The standards governing motions for reconsideration are necessarily strict to prevent litigants from rehashing the same issues that have already been carefully considered by the district court in the prior ruling.  *Navigators Ins. Co. v. Goyard, Inc.*, 623 F. Supp. 3d 220, 222 (S.D.N.Y. 2022) ("[S]uch a motion 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]'") (quoting citing *Analytical Survs. Inc. v. Tonga Partners L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

In this circuit, "[a] court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *DG N.Y. CS, LLC v. Norbut Solar Farm, LLC*, No. 1:23-CV-971, 2024 WL 476540, at *1 (N.D.N.Y. Feb. 7, 2024) (quoting *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)).

Measured against this standard, Plaintiff's letter request for reconsideration is denied. Plaintiff has not presented new law or facts that would require this Court to revisit its August 11, 2025, Decision and Order, Dkt. No. 184.  Nor has Plaintiff articulated a clear error of law or

manifest injustice. Instead, Plaintiff merely argues that the Court erred in striking his reply to the underlying motion to amend because he is *pro se* and rejecting his reply amounted to "procedural default" which prevented his motion from being decided on the merits. This argument is unpersuasive. The motion to amend was fully briefed per Local Rule 7.1, and the Court thoroughly and extensively examined Plaintiff's arguments supporting his motion such that it was decided on the merits. *See* N.D.N.Y L.R. 7.1; *see also* Dkt. No. 184. In his request for reconsideration, Plaintiff merely attempts to relitigate the issues decided in the underlying Decision and Order, Dkt. No. 184, and otherwise seeks to take a "second bite at the apple." Accordingly, Plaintiff's letter request for reconsideration, Dkt. No. 185, is denied.

## V. CONCLUSION

After carefully reviewing the record, the parties' submissions, and the applicable law, and for the reasons stated herein, Plaintiff's motion to compel, Dkt. No. 172, is granted, in limited part, as set forth above, and denied in all other respects. Plaintiff's letter request, Dkt. No. 185, for reconsideration of this Court's Decision and Order denying his motion to amend is denied in all respects.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion to compel, Dkt. No. 172, is **GRANTED**, in limited part as set forth above in Section III.C., subsections 3-5, and consistent with this Decision and Order, and is otherwise **DENIED**; and it is further

**ORDERED** that Plaintiff's letter request, Dkt. No. 185, for reconsideration is **DENIED**; and it is further

**ORDERED** that, with the exception of the limited discovery directed herein, all fact discovery is closed; and the expert disclosure deadlines are extended as follows:

Plaintiff's expert disclosure due 12/22/2025; Defendants' expert disclosure due 1/12/2026; rebuttal expert disclosure due 1/23/2026; all expert disclosure, including expert depositions, if any, due 2/6/2026; dispositive motions due 3/9/2026; and it is further

**ORDERED** that the Clerk provide to Plaintiff a copy of this Decision and Order, along with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**IT IS SO ORDERED**.

Dated:  November 24, 2025
   Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge