**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**FREDERICK SMITH,**

                              **Plaintiff,**

   **vs.**                                                 **9:18-CV-1066**
                                                           **(MAD/CBF)**
**C.O. STEVEN DODGE, C.O. JASON ASHLINE,**
**C.O. PETER MCNALLY, and SERGEANT**
**WILLIAM MURRAY,**

                              **Defendants.**

---

**APPEARANCES:**                                **OF COUNSEL:**

**FREDERICK SMITH**
15-A-1771
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Plaintiff, *pro se*

**OFFICE OF THE NEW YORK**               **KONSTANDINOS D. LERIS, AAG**
**STATE ATTORNEY GENERAL**              **LAUREN ROSE ROSENBERG, AAG**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

On May 7, 2026, the Court denied the following filings from the *pro se* Plaintiff: (1) two

appeals of  Magistrate Judge Therese Dancks's discovery decisions; (2) a motion for a preliminary

injunction; (3) a motion for leave to appeal; and (4) a request for leave to file a motion for

sanctions.  *See* Dkt. No. 226.  On May 29, 2026, Plaintiff filed a motion for reconsideration.  *See*

Dkt. No. 227.  That same day, he filed objections to the Court's decision.  *See* Dkt No. 228.

1

As an initial matter, this Court's Local Rules state that "a party may file and serve a motion for reconsideration or reargument no later than **FOURTEEN DAYS** after the entry of the challenged judgment, order, or decree." N.D.N.Y. L.R. 60.1. The Court's Memorandum-Decision and Order was issued on May 7, 2026, giving Plaintiff until May 21, 2026, to file his motion. Plaintiff dates his submissions as being written on May 21, 2026. *See* Dkt. No. 227 at 3, 5, 15; Dkt. No. 228 at 2, 8, 11. The postage on the envelope for Plaintiff's filings indicates it was received by the post office on May 28, 2026. *See* Dkt. No. 227 at 16; Dkt. No. 228 at 12. However, Plaintiff states "[t]hat on May 21, no later than May 24, I did in fact place" the filings "[i]n an agent of DOCCS['s] hands to place in the U.S. depository mailbox at Green Haven" correctional facility. Dkt. No. 228 at 11. Plaintiff wrote, "Sworn to before me this 21st day of May 2026." Dkt. No. 228 at 11. Plaintiff signed that affirmation himself and did not obtain the signature from a notary.

"'Where a prisoner proceeds *pro se*, the filing date is governed by the 'prisoner mailbox rule,' which provides that the effective filing date is the day upon which the prisoner delivers the petition to prison officials for mailing.'" *Viera v. Sheahan*, 531 F. Supp. 3d 666, 670 (W.D.N.Y. 2021) (quoting *Mingo v. United States*, 360 F. Supp. 2d 591, 593 (S.D.N.Y. 2005)); *see also Fuentes v. New York State Dep't of Corr. & Cmty. Supervision*, No. 23-CV-9464, 2025 WL 1636199, *7 (S.D.N.Y. June 9, 2025). As Plaintiff is a *pro se* incarcerated individual and he asserted in a signed statement that he gave his filings to DOCCS personnel on the final day of the deadline to file a motion for reconsideration, the Court will consider the merits of his filings.

Having reviewed the arguments made by Plaintiff, the Court finds there are no grounds which support reconsideration of the Court's May decision.

Plaintiff moves for reconsideration of the Court's decision insofar as it denied him leave to file a motion for sanctions against Defendants. *See* Dkt. No. 227 at 8-9. Plaintiff argues that the Court had no authority to deny him leave to make his motion and failed to address the merits of his arguments supporting the imposition of sanctions against Defendants. *See id.* at 9-10. Plaintiff also summarily asserts that defense counsel has violated their duties "not to burden the NDNY Court with unnecessary litigation, obligation to stipulate whenever possible, to avoid offering clearly unacceptable or inadmissible evidence, and to cooperate in supplying documents and in preparing impartial experts in Plaintiff Smiths case." *Id.* at 12. Plaintiff asserts that the Court's denial of his request for leave to file the motion for sanctions prevented him from "present[ing his] best arguments." *Id.* at 13.

"[A] prior ruling will only be reconsidered and vacated if: (1) the law has changed since that ruling was first issued; (2) new evidence not previously available comes to light; or (3) reconsideration is necessary to remedy a clear error of law or to prevent manifest injustice." *Grant v. Lockett*, 610 F. Supp. 3d 448, 450 (N.D.N.Y. 2022) (citing *Delaney v. Selsky*, 899 F. Supp. 923, 925 (N.D.N.Y. 1995)); *see also Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "Accordingly, the standard for granting a motion for reconsideration is 'strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

First, to the extent the Court denied Plaintiff leave to file a more complete motion for sanctions, "[t]t is well established that district courts possess the 'inherent power' and

3

responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'" *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  This case has been pending for nearly eight years and concerns an alleged use of force that occurred nearly eleven years ago.  *See* Dkt. No. 1.  The filing of a motion for sanctions would delay the case even further, which is why the Court exercised its discretion to consider the merits of Plaintiff's sanctions request as part of the May decision.  *See* Dkt. No. 226 at 39.  The Court found that Plaintiff had not demonstrated the "extreme circumstances" necessary for imposing sanctions.  *Id.*  Plaintiff has not presented any new information in his motion for reconsideration or objections which call that decision into question.  *See* Dkt. Nos. 227, 228.  Plaintiff likewise has not presented any cases which this Court overlooked or new facts which support reconsideration of the Court's decision that Plaintiff can challenge the veracity of any documents relied on by Defendants in his response to a dispositive motion or at trial.  *See id.* at 39-40.

Plaintiff also seeks reconsideration of the Court's denial of his request for leave to appeal the denial of his motion to amend.  *See* Dkt. No. 228.[1]  Plaintiff contends this Court and Chief Judge Brenda K. Sannes recently came to different opinions about the relation back doctrine concerning amended complaints.  *See id.* at 3-4.  Specifically, Plaintiff asserts that "[t]hese two recent decisions by Ch[ief] District Judge Sannes and District Judge D'Agostino within the NNDY within days of each other (1) involves a controlling question of flaw (2) as to which there is a substantial ground for difference of opinion [and] (3) an immediate appeal if granted/then decided favorable to the Plaintiff would terminate the current operative pleading and Plaintiff's

---

[1] The Court set forth the law relevant to permitting an interlocutory appeal in its May decision, *see* Dkt. No. 226 at 36-37, and assumes the parties' familiarity with the same.

request for appeal interlocutory order . . . ." *Id.* at 4.  Plaintiff cites Chief Judge Sannes's decision as "Braxton v. Bruen 2026 WL 1142373." *Id.* at 3.

In *Braxton*, Chief Judge Sannes came to a similar conclusion as the one reached by this Court in its May decision—that "[t]he claim against [the defendant correctional superintendent] does not relate back to either prior complaint, and must be dismissed as barred by the statute of limitations." *Braxton v. Bruen*, No. 9:17-CV-01346, 2026 WL 1142373, *16 (N.D.N.Y. Apr. 28, 2026) (citing FED. R. CIV. P. 15(c)(1)(C)(ii)).  Chief Judge Sannes concluded as such because the plaintiff did not establish that he made a mistake of identity in his earlier complaint and the defendant "had no reason to" know that he would be named in the lawsuit.  *Id.*  This Court engaged in the same analysis in its May decision and concluded that Plaintiff did not make any mistakes of identity in naming Defendants his earlier pleadings and the proposed new defendants had no reason to know they would named in this case.  *See* Dkt. No. 226 at 12, 14.

Plaintiff has not set forth a controlling question of law for which there is a substantial difference of opinion.  Rather, he has cited a case which supports the Court's decision.  Plaintiff has not provided any other justification which supports reconsideration; therefore, the Court declines to reconsider its denial of leave to file an interlocutory appeal.

Plaintiff has now filed one appeal to the Second Circuit, two appeals from discovery decisions to this Court, and two motions for reconsideration.  *See* Dkt. Nos. 37, 189, 205, 167, 185, 227.  As stated, this case has been pending for nearly eight years.  *See* Dkt. No. 1.  This case needs to proceed with dispositive motions and/or trial.  The Court will not consider any further submissions related to its previous orders or discovery decisions.  The dispositive motion deadline remains June 30, 2026, and no extensions of that deadline will be considered absent exceptional circumstances.

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for reconsideration and accompanying objections (Dkt. Nos. 227, 228) are **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on the parties accordance with the local rules.

**IT IS SO ORDERED.**

Dated:  June 4, 2026
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge